UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEON BENSON, et al.,                        ) | |
| ) | |
| Plaintiffs,             ) | |
| ) | |
| v.                                          ) | No. 1:24-cv-00839-JPH-MJD |
| ) | |
| CITY OF INDIANAPOLIS, et al.,               ) | |
| ) | |
| Defendants.             ) | |

**ORDER**

This matter is before the Court on two motions. First is Plaintiffs' Motion for Leave to File Excess-Length Brief. [Dkt. 68.] Plaintiffs filed their response to Defendants' Partial Motion for Judgment on the Pleadings on November 25, 2024, and filed the instant motion for leave on the same date. The response brief totals 35 pages (excluding table of contents, table of authorities, and certificate of service). Given the arguments made in Defendants' motion, the Court finds the requisite "extraordinary and compelling reasons" for extending the page limit by five pages. *See* Local Rule 7-1(e)(2). Accordingly, the motion is **GRANTED**.

Also pending before the Court is Defendants' Joint Motion for Leave to Amend Their Answer and Defenses. [Dkt. 58.] Because the motion was filed before the expiration of the deadline for amending pleadings, Plaintiffs' argument that Defendants have not shown "good cause" for the amendment is unavailing. The good cause standard, which is found in Federal Rule of Civil Procedure 16(b), applies to motions for leave to amend filed after the expiration of the Court's scheduling order deadline to amend pleadings. In this case, the liberal standard of Federal Rule of Civil Procedure 15(a)(2) applies, which provides that leave to amend should be freely given "when justice so requires." Rule 15(a) "favors amendment as a general matter."

*Knowlton v. City of Wauwatosa*, 119 F.4th 507, 519 (7th Cir. 2024) (citing *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 853 (7th Cir. 2022) (in turn citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Nevertheless, "leave may be denied on account of undue delay, prejudice, bad faith or dilatory motives, futility, or judicial economy." *Chicago Joe's Tea Room, LLC v. Vill. of Broadview*, 94 F.4th 588, 607 (7th Cir. 2024) (citing *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)).

    None of those reasons to deny the motion for leave to amend exist in this case. Plaintiffs argue that Defendants unduly delayed seeking to amend, but given that the motion was filed within the Court's deadline—which was less than three months from the entry of the case management plan—there was no undue delay. Plaintiffs also argue that they will be prejudiced by the amendment because "Defendants have asked to amend with a list of defenses without any evidentiary support behind them or good cause for not having pleaded these new defenses promptly." [Dkt. 62 at 5.] But, again, Defendants are not required to have good cause; nor do pleadings require "evidence." Accordingly, the motion for leave to amend is **GRANTED**.

    Defendants shall file their amended answers, in substantially the same form as those found at Docket Numbers 58-2 and 58-3, **by December 4, 2024**.

    SO ORDERED.

Dated: 27 NOV 2024

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.