UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEON BENSON and KOLLEEN BUNCH, | ) CASE NO. 1:24-cv-00839 JPH-MJD |
| Plaintiffs, | ) |
| v. | ) |
| CITY OF INDIANAPOLIS, ALAN F. JONES, LESLIE VANBUSKIRK, STEVEN GARNER, ELI MCALLISTER, and COLUMBUS RICKS, in their individual capacities, | ) |
| Defendants. | ) |

**January 13, 2025 Supplemental Joint Report on the Status of Discovery**

The parties, pursuant to this Court's Scheduling Order of October 21, 2024 (ECF No. 37), submit this supplemental joint report on the status of discovery:

**1.     A detailed description of all discovery completed within the preceding 28 days.**

Plaintiffs requested that City Defendants serve bates labelled copies of the documents identified in its initial disclosures. City Defendants agreed to provide this information, which consisted of a PDF copy of the Indianapolis Police Department file (in the possession of the Indianapolis Metropolitan Police Department ("IMPD")) and a PDF copy of records provided to IMPD by the MCPO's Conviction Integrity Unit. Defendants served bates labeled copies of non-confidential records on December 16, 2024. Pursuant to the Court's Protective Order, the City Defendants will serve copies of documents designated as Confidential on or before January 15, 2025. The City Defendants will also serve unredacted copies of their initial disclosures and bates labeled copies of the MCPO records on or before the same day.

On September 13, 2024, the City Defendants served a nonparty RFP on the Marion County Prosecutor's Office ("MCPO") to obtain the MCPO's complete criminal file. On December 16, 2024, the MCPO through their general counsel served a response to the nonparty RFP and subpoena. That response included documents purporting to be the MCPO file of the Benson prosecution; however, the MCPO expressly withheld work product, juvenile records, and Benson's presentence investigation report.

The MCPO has since disclosed work product from the original criminal prosecution. The MCPO has also provide a privilege log of additional documents withheld and conferred with the MCPO regarding those documents. At this point, the City Defendants believe the MCPO has responded to the request, and the City Defendants will take no further action at this time. The City Defendants provided access to these records to all parties, and they are working on providing Bates labeled copies for identification purposes.

On October 21, 2024, Plaintiffs served interrogatories on the City of Indianapolis and all of the individual Defendants. On that same day, Plaintiffs also served requests for production of documents on all Defendants. Defendants Leslie VanBuskirk, Steve Garner, Eli McAllister, and Columbus Ricks have all served their responses to the interrogatories. The remaining responses shall be served on or before January 17, 2025 with document production to follow.

On October 25, 2024, City Defendants circulated a nonparty RFP to be served upon the Bank of America for information regarding Timothy J. Miller. On November 25, 2024, this subpoena was served on the Bank of America. On Thursday, January 9, 2025, Defendant's received responses from the Bank of America. Defendants anticipate serving those documents on counsel in the next few days, subject to a Confidential designation under the Court's Protective Order.

**2.     A detailed description of all discovery presently scheduled or pending, including the due dates for any pending discovery requests and the scheduled dates for any depositions, and the identity of the counsel responsible for completing such discovery.**

2

On September 5, 2024, the City Defendants also served notice of depositions for several witnesses. The dates for depositions have not been agreed upon by the parties. The parties anticipate beginning to conduct those depositions being set in March 2025, after written discovery is returned from the Plaintiffs and various nonparties.

On November 19, 2024, the City Defendants served a nonparty RFP on the Indiana Board of Law Examiners to obtain records for Timothy J. Miller. On January 7, 2025, this Court quashed the nonparty request for production and subpoena but noted the City Defendants may petition the Indiana Supreme Court directly for the records. Counsel for the City Defendants have conferred with the Board's attorneys and anticipate filing a petition shortly.

On December 4, 2024, City Defendants served nonparty RFPs to two entities: BNK Law Group and Wondery LLC. These subpoena concern records of Seasons 3 a podcast entitled "Suspect," which chronicled the investigation into Leon Benson's conviction and the subsequent reversal of that conviction. These records are in part from or related to counsel in this case, Lara Abigail Bazelon and Charlie Chaya Nelson Keever.

On December 12, 2024, City Defendants served the subpoena on Wondery LLC. The deadline to respond to that subpoena has not passed. On December 19, 2024, City Defendants served the subpoena and nonparty request on BNK Law Group. Defendants have not received a response from Wondery LLC, and the deadline for BNK to respond has not passed.

**3.     A detailed description of any discovery disputes presently pending, including the status of the resolution of the dispute and the identity of the counsel responsible for resolving the dispute.**

City Defendants believe Plaintiffs' response to their interrogatories and requests for production of documents are deficient. On November 18, 2024, the City Defendants served a Rule 37 letter upon Plaintiff regarding these deficiencies. City Defendants have not received a response to

3

that letter; however, Plaintiffs have agreed to provide a response letter and confer regarding the written discovery responses by January 31, 2025.

As noted above in Section 2, City Defendants intend to serve a subpoena on BNK Law Group related to the "Suspect" podcast. The parties anticipate objections from BNK Law Group, but they shall confer with counsel when raised.

4. **A detailed description of all discovery that is planned to be completed within the 28-day period following the report, including the identity of the counsel responsible for completing such discovery.**

    Please see responses to Topic Number 2.

5. **A description of all known discovery remaining to be completed in this matter, including a proposed timetable for the completion of such discovery and the identity of the counsel responsible for completing such discovery.**

    Please see response to Topic Number 2. Additionally, the parties will need to conduct depositions in this case.

6. **Any other discovery issues any party believes should be brought to the attention of the Court so as to avoid any further delays in the completion of discovery in this matter.**

    See above responses.

RESPECTFULLY SUBMITTED,

                                              FROST BROWN TODD LLP

*/s/ Elliot Slosar (with permission)*
Jon Loevy
Elliot Slosar
Margaret E. Campbell
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900
Fax: (312) 243-5902
*Plaintiff's Counsel*

*/s/ Alexander P. Will*
    Anthony W. Overholt, #16481-49
    Alexander P. Will, #23474-49

    Attorneys for Defendants City of Indianapolis, Leslie VanBuskirk, Steven Garner, Eli McAllister, and Columbus Ricks


*/s/ Jeffrey Kivetz (with permission)*
    James G. Sotos
    Jeffrey R. Kivetz
    The Sotos Law Firm, P.C.

    Attorney for Defendant Alan Jones