## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| LEON BENSON and KOLLEEN BUNCH, | ) CASE NO. 1:24-cv-00839 JPH-MJD |
| Plaintiffs, | ) |
| v. | ) |
| CITY OF INDIANAPOLIS, ALAN F. JONES, LESLIE VANBUSKIRK, STEVEN GARNER, ELI MCALLISTER, and COLUMBUS RICKS, in their individual capacities, | ) |
| Defendants. | ) |

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY

Plaintiffs Leon Benson and Kolleen Bunch, now file their Response in Opposition to Defendants' Motion to Stay. In support, Plaintiffs state as follows:

1. On September 5, 2024, this Court set a scheduling order for discovery and dispositive motions. Dckt. 38

2. Since then, this Court has held near-monthly status conferences.

3. At *every* juncture, the parties were warned that there would be no extensions.

4. Nonetheless, Defendants now seek an indefinite stay of the litigation.

5. In one of those routine status conferences, Defendants sought an informal extension of the briefing deadlines for dispositive motions. At that time, Defendants' basis centered on the timing of dispositive motions being during the holiday season. The Court informed Defendants that they could avoid any potential conflicts by filing dispositive motions early. Defendants apparently decline to do so.

1

6. Defendants now pivot and argue that it would be an inefficient use of resources to brief dispositive motions as their partial motion for judgment on the pleadings remains pending. Dckt. 146 at 3.

7. But Defendants motion is only partial. Dckt. 45.

8. Defendants understand it will not resolve the case and that summary judgment will occur no matter what.

9. To the extent that Defendants intend to raise duplicative defenses – like qualified immunity– such briefing is apparently already complete and can be recycled as part of the dispositive motion briefing.

10. To the extent that such resources could be wasted, it would be minimal compared to the time and resources the parties have expended over the last year in discovery.

11. Plaintiff appreciates that claims against certain Defendants – Garner and McAllister – are less viable than those against others like Jones, VanBuskirk, and Ricks.[1] Because of this, Plaintiffs commit to conferring with defense counsel next week regarding an agreement to dismiss McAllister and Garner from the litigation. This effort will also streamline briefing for Defendants.

12. This litigation stems from events that occurred in 1998. Witnesses and parties are aging. Each month that passes only makes evidence more difficult to produce. In fact, Defendant Jones has a pending motion for a protective order that seeks to declare himself incapacitated to participate in the litigation. Dckt. 146. Even with the current deadlines in place, the parties will be hard-pressed to try the case before the close of 2026. All of this demonstrates that prejudice will necessarily result from staying this litigation.

13. Defendants fall far short of meeting the standard necessary to stay the litigation.

14. For these reasons, Plaintiffs oppose Defendants' motion.

---

[1] Due to health issues, Plaintiffs were unable to depose Defendant Garner.

2

*/s/ Elliot Slosar*

By: Elliot Slosar

Amy Robinson Staples
LOEVY & LOEVY
18 Village Plaza, Pmb 181
Shelbyville, KY 40065
(312) 243-5900
amy@loevy.com
Pro Hac Vice

Lara A. Bazalon
Charlie Chaya Nelson Keever
BNK LAW GROUP
201 Spear Street, Ste. 1100
San Francisco, CA 94105
(415) 489-0469
cnelsonkeever@gmail.com
Pro Hac Vice


Elliot Slosar
Kathryn Montenegro
LOEVY & LOEVY
311 North Aberdeen
3rd Floor
Chicago, IL 60607
(312) 243-5900
elliot@loevy.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this October 31, 2025, a true and accurate copy of the foregoing document was filed and served on all parties of record via the Court's CM/ECF electronic filing system.

/s/ Elliot Slosar