UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEON BENSON and KOLLEEN BUNCH, | ) CASE NO. 1:24-cv-00839 JPH-MJD |
| Plaintiffs, | ) |
| v. | ) |
| CITY OF INDIANAPOLIS, ALAN F. JONES, LESLIE VANBUSKIRK, STEVEN GARNER, ELI MCALLISTER, and COLUMBUS RICKS, in their individual capacities, | ) |
| Defendants. | ) |

### Defendants' Reply Brief in Support of Motion to Stay

Defendants City of Indianapolis, Leslie VanBuskirk, Steven Garner, Eli McAlister, and Columbus Ricks, by counsel, and Defendant Alan Jones, by counsel, now file their Reply in Support of their Motion to Stay the Remaining Deadlines, including the dispositive motion deadline, and, in support thereof, state as follows:

1. On October 31, 2025, Plaintiffs filed their Response in Opposition to Defendants' Motion. (ECF No. 149.)

2. In that Response, Plaintiffs state that "[a]t *every* junction, the parties were warned that there would be no extensions" and that this Court denied a request for an "informal extension of the briefing deadlines for dispositive motion." (ECF No. 149 (emphasis in original).)

3. To be sure, Magistrate Judge Dinsmore has advised the parties that the Court would not permit any extensions of the discovery or dispositive motion deadlines and that he would not entertain a 7-day extension of the deadlines for cross motions for summary judgment to accommodate the holidays. But this is not all Judge Dinsmore advised the parties.

4. In fact, at the discovery conference on August 27, 2025, Defendants' counsel expressly inquired into the pending Motion for Judgment on the Pleadings. This inquiry arose from the considerations stated in Defendants' Motion to Stay as well as the looming close of liability discovery and the quickly advancing dispositive motion deadline.

5. While Judge Dinsmore stated that he was not likely to resolve the Motion, Judge Dinsmore did state that it was likely the parties would have a ruling from the Court before the end of September 2025 and that the parties would therefore have adequate direction to proceed with drafting of a motion for summary judgment before the December 2nd deadline.

6. Defendants relied upon that recommendation and did not file anything with the Court at that time; however, the Motion for Judgment on the Pleadings has not yet been resolved.

7. Thus, contrary to Plaintiffs' statement, Defendants are not "pivot[ing]" when they raise the issue of the stay before the Court. (*See* ECF No. 149 ¶ 6.) They waited until the close of discovery, and they now formally seek resolution of an issue they raised before the Court in August of 2025.

8. Additionally, Plaintiffs cite potential resolution of their claims against Lieutenants Garner and McAllister as a reason to avoid a stay. But Defendants have raised the issue of Lieutenants Garner and McAllister with Plaintiffs several times, requesting they be dismissed.

9. Now they claim that "Plaintiffs commit to conferring with defense counsel next week regarding an agreement to dismiss McAllister and Garner from the litigation." (*See* ECF No. 149 at 11.) A promise to confer is not the same as dismissing Defendants that should have properly been dismissed at the pleadings stage.

10. Despite this vague commitment and Defendants' numerous requests for dismissal, Plaintiffs have not dismissed either Lieutenants Garner or McAllister.

11. Regardless, even if Plaintiffs dismiss Lieutenants Garner and McAllister, this does not resolve issues presented in the Motion to Stay.

12. For example, even if Lieutenants Garner and McAllister are dismissed voluntarily, the specter of a qualified immunity appeal still looms as all of the individual Defendants have requested qualified immunity on Plaintiffs' conspiracy claims. If the Court has not resolved the Motion for Judgment on the Pleadings and the individual Defendants are forced to brief this issue at summary judgment merely due to the passage of time, their qualified immunity has been denied on this claim.

13. Additionally, the City and Columbus Ricks have requested state law immunity on several grounds—including failure to file a tort claim, individual employees' immunity from suit, and several other ITCA immunities. They should be granted these immunities at the pleadings stage as well.

14. Plaintiffs also suggest that Defendants can simply "recycle[]" their prior briefing. (ECF No. 149 ¶ 9.) But this argument would again deny Defendants of the immunities to which they were entitled at the pleadings stage, forcing them to re-brief the issue.

15. Moreover, it would force Defendants to invest time and effort to brief those same arguments on a completed record. Briefing at summary judgment is *not* the same as briefing at the pleadings stage. The standards are different, and Rule 56 briefing will force Defendants to brief these issues on a completed record—requiring more work and factual development than was required to respond to Plaintiffs' barebones pleading on these issues.

16. Therefore the Court should grant Defendants' Motion to Stay.

WHEREFORE, Defendants City of Indianapolis, Leslie VanBuskirk, Steven Garner, Eli McAllister, and Columbus Ricks, by counsel, and Defendant, Alan Jones, by counsel, respectfully request that this Court GRANT their Motion to Stay the Remaining Deadlines after the close of liability-related discovery, including the Dispositive Motion Deadline, pending this Court's ruling on the City Defendants' Motion for Partial Judgment on the Pleadings in this matter and for all other just and proper relief in the premises.

        FROST BROWN TODD LLP

        */s/ Alexander P. Will*
        Anthony W. Overholt, #16481-49
        Alexander P. Will, #23474-49

        Attorneys for Defendants City of Indianapolis, Leslie VanBuskirk, Steven Garner, Eli McAllister, and Columbus Ricks


        */s/ Jeff Kivetz (with permission)*
        James G. Sotos
        Jeffrey R. Kivetz
        Laura M. Ranum
        The Sotos Law Firm, P.C.

        Attorneys for Defendant Alan Jones