UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **LEON BENSON and KOLLEEN BUNCH,** | ) CASE NO. 1:24-cv-00839 JPH-MJD |
| **Plaintiffs,** | ) |
| v. | ) |
| **CITY OF INDIANAPOLIS, ALAN F. JONES, LESLIE VANBUSKIRK, STEVEN GARNER, ELI MCALISTER, and COLUMBUS RICKS, in their individual capacities,** | ) |
| **Defendants.** | ) |

**Defendants' Joint Statement of Claims and Defenses**

Defendants City of Indianapolis, Leslie VanBuskirk, Steven Garner, Eli McAlister, and Columbus Ricks, by counsel, and Defendant Alan Jones, by counsel, now file their Joint Statement of Claims and Defenses as follows:

**A.    PRELIMINARY STATEMENT**

The Case Management Plan entered by this Court ("CMP") states:

> On or before **November 7, 2025**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based. A party's failure to file a timely statement of claims or defenses may result in the waiver of the party's claims or defenses. A party's failure to include in the party's statement of claims or defenses a claim or defense upon which the filing party has the burden of proof may result in the waiver of the omitted claim or defense.

(ECF No. 38 at 5.) This Court has noted the purpose and importance of the Statement of Claims:

> Specifically, the requirement that parties file statements of their claims and defenses is intended to clarify and focus the issues for summary judgment and for trial, in order to avoid wasting time on issues that will not be pursued and ensure that the claims that are going forward can be addressed and disposed of in the most efficient

manner possible.

*Kilbourne v. City of Indianapolis*, 2020 WL 2558147, *10 (S.D. Ind. May 20, 2020); *see also Wynn v. City of Indianapolis*, 2022 WL 1120490, *9 (S.D. Ind. Apr. 14, 2022). Therefore, to the extent Plaintiffs do not comply with this requirement, their claims should be barred.

### B. CLAIMS

Defendants have not pleaded any counterclaims or third-party claims. Defendants, therefore, do not intend to prove any affirmative claim or cause of action at trial.

### C. DEFENSES

Defendants intend to prove the defenses they asserted or intend to insert in their Answers and Defenses to Plaintiff's Amended Complaint (City, ECF No. 73, Jones, ECF No. 75), including the following:

City Defense No. 2, Jones Defense No. 1: Defendants deny each and every allegation contained in Plaintiffs' Complaint which is not specifically admitted herein. Defendants did not deprive Plaintiff Leon Benson of his due process rights.

- Defendant Alan Jones conducted a thorough investigation into Kasey Schoen's murder. He documented that investigation thoroughly in his file, including in his detective notes. Detective Alan Jones provided all exculpatory information to prosecutors with the Marion County Prosecutor's Office ("MCPO"). This included providing relevant and material evidence to the MCPO and providing information in detective notes directly to the screening or assigned prosecutors. Further, there is no dispute that Joseph Webster was known as a potential suspect by both Benson and his trial counsel.

- Further, Defendant Leslie VanBuskirk only had limited involvement in the investigation into Kasey Schoen's murder. Detective VanBuskirk did not have any exculpatory

information. Regardless, all documents or information she produced was provided to Detective Jones, who provided any relevant information to the MCPO.

- Lieutenant Steven Garner had no role in the investigation of Kasey Schoen's murder.

- Sergeant Columbus Ricks had no role in the original investigation of Kasey Schoen's murder. Sgt. Ricks was not assigned to the case in any role until after Benson's exoneration. Sgt. Ricks also did not defame Plaintiff or inflict emotional distress upon Benson, nor did he inflict emotional distress upon Plaintiff Bunch.

- Lieutenant Eli McAllister had no role in the investigation of Kasey Schoen's murder.

- Plaintiff Kolleen Bunch cannot sustain any of her claims against any Defendants.

- The City of Indianapolis did not have a custom, policy or practice that resulted in the violation of Plaintiffs' rights. The City required its officers to disclose all relevant and material information in investigations to the MCPO. The City also did not negligently supervise its employees. Plaintiffs cannot otherwise succeed on their claims against the City.

- Additionally, Plaintiffs cannot establish their conspiracy claims because: (1) they have only alleged state actors were involved in the conspiracy; (2) Plaintiff Bunch has not alleged an underlying constitutional violation; and (3) Plaintiff Bunch cannot otherwise prove a constitutional violation as a family member of a victim. This is detailed in Defendants' Motion for Judgment on the Pleadings.

- Plaintiff's allegations pertaining to unduly suggestive eyewitness identification procedures are not sufficient to establish a violation of his due process rights.

- Plaintiff's failure to intervene claim has no basis in the Constitution as "[f]ailure to intervene' sounds like vicarious liability," which would of course be untenable, as "[t]he

3

Supreme Court has held many times that § 1983 supports only direct, and not vicarious, liability." (*See*, Jones Defense No. 6)

- Plaintiff's *respondeat superior* claims are not separate claims. This is detailed in Defendants' Motion for Judgment on the Pleadings.

Therefore, Plaintiffs cannot prove their claims.

City Defense No. 4, Jones Defense No. 4: The individual Defendants are entitled to qualified immunity. The individual Defendants conduct was reasonable and in compliance with state and federal law, particularly given state and federal law at the time of the arrest in 1998 and the prosecution in 1999. These actions complied with the individual Defendants' duties under existing case law, and Plaintiffs can point to no controlling authority showing that it is clearly established that the individual Defendants' conduct would violate federal law.

Jones Defense No. 5, City Defense No. 19: Defendants are absolutely immune from civil liability for their testimony given in judicial proceedings in plaintiff's underlying criminal case. *Briscoe v. LaHue*, 460 U.S. 325, 330-31, 103 S.Ct. 1108, 1113 (1983).

City Defense No. 7, Jones Defense No. 15: Plaintiffs' claims are barred, in whole or in part, to the extent that their claims are outside of their notice of tort claim. This is detailed in Defendants' Motion for Judgment on the Pleadings.

City Defense No. 8, Jones Defense No. 15: Plaintiffs' state law claims are barred to the extent they have failed to comply with the notice requirements of the Indiana Tort Claims

4

Act, Indiana Code section 34-13-3-1, *et seq.* This is detailed in Defendants' Motion for Judgment on the Pleadings.

Jones Defense Nos. 8 and 21, City Defense No. 19: Plaintiff's contributory negligence serves as a bar to his state law tort claims against Defendants. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff as reflected in the public record, any verdict or judgment obtained by Plaintiff must be reduced by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.

City Defense No. 9, Jones Defense Nos. 13 and 16: To the extent that Plaintiffs' lawsuit alleges state tort claims, Defendants are immune under Indiana's Tort Claim Act, Indiana Code section 34-13-3-3, *et seq.*, including but not limited to, immunities for law enforcement, discretionary functions and punitive damages. This is detailed in Defendants' Motion for Judgment on the Pleadings.

City Defense No. 10, Jones Defense No. 11: Plaintiffs may not recover damages on any state law claims against any individual for the acts committed within the scope of his or her employment. The employees in this case were acting within the scope of their employment are therefore entitled to immunity from suit from Plaintiffs' state law claims against them individually. *Bushong v. Williamson,* 790 N.E.2d 467, 472 (Ind. 2003); Ind. Code § 34-13-3-5(b). This is detailed in Defendants' Motion for Judgment on the Pleadings.

5

<u>City Defense No. 11, Jones Defense No. 6</u>: Plaintiffs' claims are barred because the Plaintiffs' alleged injuries, damages, or losses, were directly and proximately caused by the intervening acts, superseding acts, and conduct of people who were not acting as agents or employees of the City. To the extent that third parties lied to police or prosecutors, Defendants should not be liable.

<u>City Defense No. 12, Jones Defense No. 14</u>: Plaintiff's recovery, if any, on state law claims is limited pursuant to Indiana Code section 34-13-3-4. That statute sets a ceiling on the dollar amount Plaintiffs may recover.

<u>City Defense No. 16</u>: As stated above, there was no policy, practice or procedure that was the cause of Decedent's injuries.

<u>City Defense No. 18, Jones Defense No. 19</u>: Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, waiver, estoppel and/or the doctrine of laches. Plaintiffs' claims are barred to the extent that files were lost, destroyed, or misplaced and, therefore, cannot be relied upon.

<u>Jones Defense No. 20, City Defense No. 6:</u> Defendants are entitled to a set-off for any compensation, payments, and/or other types of contribution that Plaintiff may have received or may in the future receive from other sources for his alleged injuries, damages, and expenses.

Defendants reserve the right to amend, modify, revise or supplement this Statement of Defenses dependent upon the claims alleged in Plaintiffs' Statement of Claims, and to plead such further defenses and take such further actions as they may deem proper and necessary in their defense upon the completion of such investigation and study. Defendants further reserve the right to amend, modify, revise, or supplement this Statement of Defenses after anticipated rulings for judgment on the pleadings, summary judgment, Jones's motion for protective order (ECF No. 141), and any motions in limine.

                    FROST BROWN TODD LLP

                    */s/ Alexander P. Will*
                    Anthony W. Overholt, #16481-49
                    Alexander P. Will, #23474-49

                    Attorneys for Defendants City of Indianapolis, Leslie VanBuskirk, Steven Garner, Eli McAllister, and Columbus Ricks


                    */s/ Jeff Kivetz (with permission)*
                    James G. Sotos
                    Jeffrey R. Kivetz
                    Laura M. Ranum
                    The Sotos Law Firm, P.C.

                    Attorneys for Defendant Alan Jones