## Declaration of Det. Alan Jones (Ret.)

I, Alan Jones, hereby state and declare as follows:

1. I am a former law enforcement officer for the Indianapolis Metropolitan Police Department (IMPD) where I worked for over thirty years. In 1998, I was the lead detective investigating the shooting death of Kasey Schoen, which occurred on August 8, 1998 (Case No. 776073G).

2. In the course of my work as an IMPD law enforcement officer, I investigated over 50 homicides. Most of the victims in those cases were Black males. Including Kasey Schoen's case, I investigated fewer than five homicides in which the victims were white, which made this investigation unusual.

3. On March 10, 2022 I met with a lawyer from the Marion County District Attorney's Conviction Integrity Unit, and two lawyers for Leon Benson, and their investigator. We discussed the case and I reviewed portions of my IMPD case file associated with the investigation.

4. Following that meeting, I reviewed a complete copy of the 242-page IMPD file associated with the investigation to refresh my recollection.

5. When interviewing witnesses, including witnesses in this case, it was my general practice to have an initial conversation during which I took handwritten notes. Next, I would turn on a tape recorder and re-interview the witness. I would then have a transcript of the recorded interview prepared, and I would produce the interview transcript and the recorded interview to the prosecutor's office.

6. I considered my notes taken before the recorded interview to be my work product. It was not my practice to provide my work product, including handwritten notes, to the prosecutor's office. I believed that the recordings and transcripts were the better representation of the witness' statements.

7. I would provide the handwritten notes of witness statements in the event the witness refused to be recorded and if the witness provided information that I believed was discoverable to the defense. For example, in this case, witness Shirley Gaskin declined to have her interview recorded. Accordingly, I provided the handwritten notes from my interview with her to the prosecutor's office.

8. Similarly, I considered handwritten notes produced by me or other law enforcement officers in the course of the investigation to be work product that I would not have ordinarily turned over to the prosecutor's office. For example, the case file includes a handwritten note from Det. Randy West informing me about potential leads in this case. I considered this note to be work product and did not turn it over to the prosecutor.

1    *aFJ*

Similarly, there is a handwritten note in the file that contains a list of eleven items to be followed up on or provided to the prosecutor that I also would have considered work product that I would not have turned over.

9. As part of my investigation in this case, I also reviewed surveillance video from the night of the shooting from Sts. Peter and Paul Cathedral at 1347 N Meridian Street and from the Academy Apartments at 1350 N Meridian Street. After reviewing the videos, I determined that they provided no information of substantial value. Accordingly, I did not collect those videos.

10. After reviewing the file, I have concerns. Christy Schmitt was certain of her identification. On the other hand, I am troubled by the strong resemblance between Leon Benson and Joseph Webster (aka Looney) in their mug shots. If it is proved that the wrong man was put in prison for the murder of Kasey Schoen, that would haunt me and I would want that mistake to be corrected.

11. I worked for the IMPD until approximately ~~July 2013~~ December 2008 *AFJ*. Prior to speaking with Mr. Benson's attorneys, I have never spoken to post-conviction counsel for the defendant in a case that I investigated. In fact, over the course of my entire career no post-conviction counsel has ever contacted me to speak about a defendant in a case I investigated. If I had been approached by post-conviction counsel while I was still working for the department, I would have consulted a supervisor for their input and approval before agreeing to speak with them.

12. Today I am 75 years old. I have had one stroke which has affected my memory a little bit—mostly my short-term memory. However, I have many independent memories of this investigation, and I reviewed materials related to the investigation which have refreshed my recollection.

I declare under penalty of perjury and the laws of the State of Indiana that the foregoing is true and correct to the best of my knowledge.

05/11/22
Date

*Alan F. Jones*
Alan Jones

2