IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION

| | |
|---|---|
| LEON BENSON, | ) |
|       Plaintiff, | ) Case No. 1: 24-CV-00839 JPH-MJD |
| v. | ) Honorable Judge James Patrick Hanlon |
| CITY OF INDIANAPOLIS, et al. | ) Hon. Magistrate Judge Mark J. Dinsmore |
|       Defendants. | ) JURY TRIAL DEMANDED |

**DEFENDANT ALAN JONES' ANSWERS TO
PLAINTIFF LEON BENSON'S FIRST SET OF INTERROGATORIES**

Defendant Alan Jones, by and through his attorneys, The Sotos Law Firm, P.C., answers Plaintiff's First Set of Interrogatories as follows:

**Objections to Definitions and Instructions**

Defendant Jones objects to Plaintiff's definitions and instructions, as vague and ambiguous, over broad in scope, time and subject matter, unduly burdensome, duplicative, and not provided for or required under Fed. R. Civ. P 33. Defendant Jones further states that the definitions expand the meaning of terms to include multiple entities, thoughts or concepts that do not allow for meaningful accurate responses and multiply the breadth of each interrogatory exponentially.

Defendant Jones further objects to Plaintiff's definitions and instructions as follows, and incorporates all objections into each and every answer herein as though fully stated therein:

1. Defendant Jones objects to the Plaintiff's definition of "Individual Defendants" to the extent it requests information or documents protected by attorney-client and attorney work product privileges, information and documents of consulting and trial experts which are

protected from disclosure under Fed. R. Civ. P. 26, and information and documents protected by any other applicable privilege or protection.

2.    Defendant Jones objects to the Plaintiff's definition of "Entity Defendants" to the extent that it is vague and ambiguous as to "subdivisions", "departments", "agencies", "corporate officers", "subsidiaries", "elected officials", and "constituent entit[ies]", and to the extent it requests information or documents protected by attorney-client and attorney work product privileges, information and documents of consulting and trial experts which are protected from disclosure under Fed. R. Civ. P. 26, and information and documents protected by any other applicable privilege or protection.

3.    Defendant Jones objects to Plaintiff's definition of "Schoen homicide investigation" as vague and ambiguous in that it comingles investigative and prosecutorial functions, and over broad as to subject matter and time frame.

4.    Defendant Jones objects to Plaintiff's definition of "Investigators" on the same bases as he objects to the definition of the "Schoen homicide investigation" because that definition is incorporated into Plaintiff's definition of "Investigators." Defendant Jones further objects to the definition of "Investigators" as overbroad and unduly burdensome because it requires him to possess knowledge of facts known to other witnesses and third parties.

5.    Defendant Jones objects to Plaintiff's definition of "Exculpatory Evidence" to the extent it sets up a construct ("favorable to" and "would tend to show") that is subjective and open to varying reasonable interpretations.

6.    Defendant Jones objects to Plaintiff's definition of "Complaint" as it is over broad, not reasonably limited in time or scope and vague as to the terms and/or phrases, "any complaint," "criticism," "written complaints," "grievances," "disciplinary records," "legal

proceeding," "other Documents" "relating in any manner to your job performance." Defendant Jones further objects to the extent this definition requests any complaint or criticism of any of Defendant Jones's "counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other Persons acting on Your behalf," as harassing, incredibly overbroad, not reasonably limited in time or scope, and not proportional to the needs of the case. Defendant Jones will not be answering any interrogatory or producing any document with respect to any complaint or criticism of any of Defendant Jones's "counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other Persons acting on Your behalf." Defendant Jones further objects to the extent it requests information or documents protected by attorney-client, joint-defense and attorney work product privileges, information and documents of consulting and trial experts which are protected from disclosure under Fed. R. Civ. P. 26 and information and documents protected by any other applicable privilege or protection.

7. Defendant Jones objects to Plaintiff's definition of "Identify" as it is over broad in scope as to subject matter and time frame, and unduly burdensome, especially under circumstances in which the information requested is equally available to Plaintiff or a matter of public record.

8. Defendant Jones objects to Plaintiff's definition of "Relate," "relating to," or "regarding" to the extent that it sets up a construct ("having any logical…connection with the stated subject matter") that is subjective and open to varying reasonable interpretations.

9. Defendant Jones objects to Plaintiff's definition of "Person" to be "any individual, corporation, partnership, organization, or other legal entity" as overbroad in scope and not proportionate to the needs of the case.

3

10.     Defendant Jones objects to the definition of "communication" and "communications," to the extent it encompasses attorney-client and joint-defense communications, and to the extent it encompasses electronic communications without limitation as to time frame, custodians, or search terms.

11.     Defendant Jones objects to Plaintiff's Instruction that "the relevant time period for Plaintiff's discovery requests shall be the period beginning ten years prior to the date of the murder of Kasey Schoen (*i.e.*, August 8, 1998)" as overbroad and not proportional to the needs of the case.

## General Objections

Defendant Jones incorporates herein by reference the General Objections asserted in Defendant Jones's Responses to Plaintiff's First Set of Requests for Production of Documents as if fully restated here.

Defendant Jones objects to Plaintiff's requests to be specifically answered under oath because unsworn declarations, or verifications under penalty of perjury are permitted with like force and effect pursuant to 28 U.S.C. § 1746.

To the extent Plaintiff's Interrogatories are vague, ambiguous, and/or fail to set forth with reasonable particularity the information requested, Defendant Jones will answer based on Defendant Jones' understanding of each Interrogatory.

Answers to each Interrogatory are to the extent not objected to by Defendant Jones.

## INTERROGATORIES

1.     Under oath, please identify by name and address all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed in the parties' Rule 26(a)(1)

4

initial disclosures. For each Person with knowledge responsive to this Interrogatory, please describe with particularity any categories of facts known by each such Person relating to the claims and defenses in this action, including all categories of facts about which the Person may be competent to testify at trial.

If this Interrogatory is answered by incorporating Documents, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any categories of facts known to any witness relating to the claims or defense in this action that are not reflected in the Documents that you reference; in the event that you fail to do so, Plaintiff will assume the witnesses and the substance of their testimony is strictly limited to what is contained in the Documents that you reference.

**ANSWER:** Defendant Jones objects to this Interrogatory as vague and ambiguous as to the terms "categories of facts" and "competent to testify at trial," overbroad in scope, calls for a legal conclusion, and compound. Defendant Jones also objects to this Interrogatory to the extent that if it is answered by incorporating documents it requires Defendant Jones to possess knowledge of facts known to the witness beyond the information contained in the documents. Defendant Jones further objects to this Interrogatory to the extent that it requests the home addresses of the individual defendant officers, other police personnel, or other city employees on the grounds that such information is irrelevant, not proportional to the needs of this case, and could pose a risk to them and/or their families. Defendant Jones also objects to this interrogatory's request to be specifically answered under oath because unsworn declaration or verifications under penalty of perjury are permitted with like force and effect pursuant to 28 U.S.C. §1746. Finally, Defendant Jones objects to Plaintiff assuming "the substance of the witnesses' testimony is strictly limited to what is contained in such documents." Subject to and without waiving the foregoing objections, to the best of his knowledge and ability to recall, Defendant Jones refers Plaintiff to the records exchanged between the parties pursuant to FED. R. CIV. P. 26(a)(1), as well as the materials exchanged in discovery, and gathered from third parties. Investigation continues.

2. Under oath, please identify all Complaints that have ever been made against you relating to your role as a law enforcement official (including Plaintiff's Complaint or any Complaints which presently remain pending), including but not limited to any and all internal

affairs, intra- or inter-departmental, bar complaints, and citizen complaints alleging dishonest behavior, lying under oath, witness manipulation, improper behavior during interrogations or interviews, use of improperly suggestive, coercive, or torturous methods on suspects, arrestees, or witnesses, use of excessive force, false arrest, malicious prosecution, fabrication or planting of evidence, concealment of evidence, use of unduly suggestive visual or voice identification procedures, and lawsuits or administrative complaints filed in state or federal courts or agencies alleging police or prosecutorial misconduct. A complete answer to this Interrogatory will include, but is not limited to, the following information: (1) the date of each Complaint; (2) a detailed description of the nature of each Complaint; (3) an identifying number of each Complaint; and (4) how each Complaint was resolved, including whether you provided any statements relating to the Complaint and whether you were disciplined in connection with the Complaint. If you do not possess an identifying number of a particular Complaint, please investigate and obtain it.

**ANSWER:** Defendant Jones objects to this Interrogatory as the terms "court complaints," "dishonest behavior," "witness manipulation," "improper behavior during interrogations or interviews," "use of improperly suggestive," and "any form of misconduct" are vague and ambiguous. Defendant Jones further objects to this Interrogatory as overbroad in scope, time and subject matter and unduly burdensome because it requests "all Complaints that have ever been made against [him] relating to [his] role as a law enforcement officer." Defendant Jones also objects to this Interrogatory to the extent it seeks unreasonably cumulative and duplicative information that could be found in Defendant Jones's relevant personnel files. These files, subject to entry of a Confidentiality Order and subject to any applicable privileges and redactions, will be produced in this litigation by the City of Indianapolis. Defendant Jones further objects to this interrogatory's request to be specifically answered under oath because unsworn declarations or verifications under penalty of perjury are permitted with like force and effect pursuant to 28 U.S.C. §1746. Subject to and without waiving the objections herein, Defendant Jones states that any complaints will be produced by the City of Indianapolis under an appropriate protective order. To the best of his knowledge and ability to recall, Defendant Jones recalls (1) an allegation of excessive force related to an arrest he made when he was a beat officer for the Indianapolis Metropolitan Police Department (IMPD) for which he was not disciplined, (2) a

    one-day suspension that he received in the 1980's when he was a Burglary/Larceny Detective for IMPD, (3) and a DUI that he was charged with in approximately 2013 when he was working for the Marion County Sheriff's Office for which his employment was terminated.

   3. Under oath, please identify every Communication that you have had with any Person, including but not limited to Plaintiff and any of the Individual Defendants, about any of the allegations, events, or circumstances described in Plaintiff's Complaint. For each such Communication, please: (a) provide a summary of the Communication; (b) identify when and with whom the Communications occurred; and (c) provide the date of the Communication. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your Communications responsive to this Interrogatory are contained in the Documents that you reference.

**ANSWER:** Defendant Jones objects to this interrogatory as vague and ambiguous as to the terms "the allegations, events or circumstances described in Plaintiff's Complaint" and "sum total," and over broad and unduly burdensome in scope of subject matter and time. Defendant Jones further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product privileges, and any other recognized common law or statutory privileges. Defendant Jones also objects to this interrogatory's request to be specifically answered under oath because unsworn declarations or verifications under penalty of perjury are permitted with like force and effect pursuant to 28 U.S.C. §1746. Subject to and without waiving these objections, limiting his response to non-privilege communication related to the Kasey Schoen investigation, to the best of his knowledge and ability to recall, he discussed the investigation into the murder of Kasey Schoen and the general allegations that would, unbeknownst to him, eventually be made against him, with Lara Bazelon, two other female attorneys and another male in approximately 2022. The attorneys and the investigator came to his residence and asked him questions about the investigation into the murder of Kasey Schoen. Additionally, Defendant Jones communicated with witnesses, other detectives, supervisors and prosecutors with regard to the Kasey Schoen investigation. Furthermore, Defendant Jones refers Plaintiff to the records exchanged between the parties pursuant to FED. R. CIV. P. 26(a)(1), as well as the materials exchanged in discovery, and gathered from third parties which identifies or indicates any such communications Defendant Jones may have had related to the Kasey Schoen Investigation. Investigation continues.

4.      Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses of this action. For each such responsive conviction, identify: (a) the Person who has been convicted and the nature of the conviction, and (b) the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**ANSWER:**    Defendant Jones objects to this interrogatory as not proportional to the needs of the case to the extent it requests "any and all criminal convictions," requesting information protected by the attorney work product privilege, premature, requesting information equally available to Plaintiff, and requesting information beyond that required by Federal Rule of Evidence 609. Subject to and without waiving these objections, Defendant Jones states that any criminal convictions he intends to use as evidence will be disclosed with the filing of the final pre-trial order.

5.      Please state whether any of the Individual Defendants or any other Person involved in the Schoen homicide investigation acted inconsistently with any of the policies, customs, or practices of City of Indianapolis (formal or informal, written or unwritten) at any time during the entire encounter or interaction with Plaintiff as described in Plaintiff's Complaint. If the answer is in the affirmative, please: (a) identify any particular policy, custom, or practice which, to your knowledge was violated; (b) describe the circumstances and manner in which said policy custom, or practice was violated; and (c) state whether any discipline resulted from that violation.

**ANSWER:**    Defendant Jones objects to this interrogatory as vague as to the terms "acted inconsistently," and "policies, customs, or practices (formal or informal, written or unwritten)," and over broad as to scope and topic areas. Subject to and without waiving these objections, to the best of his knowledge and ability to recall, Defendant Jones states he does not believe he "acted inconsistently" with any of the City of Indianapolis's policies, customs or practices and is not aware of any other Individual Defendant who "acted inconsistently" with the City of

Indianapolis's policies, customs or practices during the Schoen murder investigation. Investigation continues.

6. Is it your position that Plaintiff Leon Benson committed the murder of Kasey Schoen or any other illegal act relating to the incidents described in Plaintiff's Complaint? If so, please describe each alleged illegal act that you contend was committed by Plaintiff Leon Benson and provide the complete factual basis for your contention.

**ANSWER:** Defendant Jones objects to this interrogatory as a premature contention interrogatory as discovery is ongoing and also to the extent that it seeks information protected by the attorney-client and attorney work product privileges.

7. For any affirmative defenses that you have asserted or will assert in this matter, please describe the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports each such defense. The information sought by this interrogatory is not a mere recitation of the statutory sections, case law, or common law invoked in the defense. Plaintiff requests that you provide a detailed description of every fact and legal basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests. For example, if you intend at any point in this litigation to assert an immunity defense, please state all facts, evidence, and legal bases for such a defense, identifying any witnesses or physical, documentary, or testimonial evidence relating to the immunity defense.

**ANSWER:** Defendant Jones objects to this interrogatory on grounds that he is not an attorney and therefore, is not competent to provide legal analysis. Defendant Jones additionally objects to the extent this interrogatory seeks information protected by the attorney-client privilege, attorney work product or any other statutory or common law privilege. Defendant Jones further objects on grounds it is a premature contention interrogatory that asks for "entire factual basis" supporting each affirmative defense Defendant Jones has "asserted or will assert" prior to any depositions being taken and prior to the completion of document discovery. Defendant Jones also objects to this interrogatory as overbroad and unduly burdensome because it requests "a detailed description of every factual basis on which the affirmative defense is asserted."

9

        Subject to and without waiving the foregoing objections, to the best of his knowledge and ability to recall, Defendant Jones refers Plaintiff to the Affirmative Defenses set forth in Defendant Jones's Amended Answer to Plaintiff's Complaint which are based on the facts and circumstances surrounding the incident which is the subject of Plaintiff's Complaint and the allegations made therein. Support for these affirmative defenses may be found in the records exchanged between the parties pursuant to FED. R. CIV. P. 26(a)(1), as well as the materials exchanged in discovery, and gathered from third parties. Witnesses whose testimony may be used in support of any of these affirmative defenses have been identified in Defendants' Rule 26(a) disclosures. Investigation continues.

      8.     For punitive damages purposes, please estimate your net financial worth. Please describe how that net worth has been calculated by providing a balance sheet of all assets greater than $2,500 USD (including a description of any ownership of stock, mutual funds, real estate, etc.) and including all liabilities. Please also provide an income statement for the five years prior to the filing of this complaint, including your annual salary and any income from any other source for those years.

**ANSWER:**    Defendant Jones objects to this Interrogatory as overbroad in scope and time as it seeks information that would be exempt from a potential punitive damages award, and irrelevant as it seeks an income statement for the five years prior to the filing of Plaintiff's Complaint. Defendant Jones also objects on grounds that it is premature as he has not asserted a defense of inability to pay punitive damages sought by Plaintiff. Subject to and without waiving the foregoing objections, Defendant Jones states that following resolution of summary judgment, if he decides to assert such a defense, he will present evidence in support and supplement his response subject to entry of a protective order.

      9.     Given the sum total of your personal knowledge of the policies, customs, and practices of the City of Indianapolis, Indianapolis Police Department as you understand them (formal or informal, written or unwritten), please state whether you or any of the other Individual Defendants acted inconsistently with any of those policies, customs, or practices at any time during the entire encounter or interaction with Plaintiff described in Plaintiff's Complaint. If the answer is in the affirmative, please: (a) identify any particular policy, custom, or practice which,

to your knowledge was violated; (b) describe the circumstances and manner in which said policy, custom, or practice was violated; and (c) state whether any discipline resulted from that violation.

**ANSWER:** Defendant Jones objects to this interrogatory as vague as to the terms "acted inconsistently," and "policies, customs, or practices (formal or informal, written or unwritten)," and over broad as to scope and topic areas. Subject to and without waiving these objections, to the best of his knowledge and ability to recall, Defendant Jones states he does not believe he "acted inconsistently" with any of the City of Indianapolis's policies, customs or practices and is not aware of any other Individual Defendant who "acted inconsistently" with the City of Indianapolis's policies, customs or practices during the Schoen murder investigation. Investigation continues.

10. Did you withhold from Leon Benson any Exculpatory Evidence of which you were aware prior to his exoneration on March 8, 2023? If your answer to this question is anything other than an unqualified "no," please state when you became aware of such Exculpatory Evidence and describe each such piece of Exculpatory Evidence, providing sufficient detail so that additional discovery requests can be served.

**ANSWER:** Defendant Jones objects to this Interrogatory to the extent it implies that he had a legal obligation to provide "Exculpatory Evidence" to Plaintiff as compared to the Marion County Prosecutor's Office. Defendant Jones further objects to this Interrogatory because it imposes onto him an obligation to make a legal conclusion about evidence in this litigation ("Exculpatory Evidence"), as well as an obligation to know details sufficient for Plaintiff to serve supplemental discovery requests. Moreover, Defendant Jones objects to this interrogatory as a premature contention interrogatory as discovery is ongoing and also to the extent that it seeks information protected by the attorney-client and attorney work product privileges.

11. Did you lose and/or destroy any piece of evidence relating to the Schoen homicide investigation prior to Mr. Benson's exoneration on March 8, 2023? If your answer to this question is anything other than an unqualified "no," please state when you became aware that evidence was lost and/or destroyed, describe each such piece of lost and/or destroyed evidence, described when such evidence was lost and/or destroyed, and the circumstances of the

evidence being lost and/or destroyed, providing sufficient detail so that additional discovery requests can be served.

**ANSWER:** Defendant Jones objects to the term "exoneration" as vague. Subject to and without waiving this objection, to the best of his knowledge and ability to recall, Defendant Jones did not "lose and/or destroy any piece of evidence relating to the Schoen homicide investigation prior to Mr. Benson's exoneration on March 8, 2023."

12. Please state with specificity each activity and investigative task that you participated in during the Schoen homicide investigation. For each activity and task, please describe the Person who assigned you each task and the Person to whom you reported for each task. Please note that the scope of this Interrogatory includes both the original investigation of the Schoen homicide—including but not limited to the interrogation of Leon Benson—any investigation that took place following the arrest of Leon Benson, including any investigation during any of Leon Benson's criminal trial or appeals, and any investigation undertaken at any time after Benson's 2023 exoneration, up to and including the present day. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your participation in the Schoen homicide is described in the Documents that you reference.

**ANSWER:** Defendant Jones objects to this interrogatory as vague as to the terms "activity and investigative task" and "sum total," over broad in scope and timeframe, and unduly burdensome in that it seeks a narrative that is better suited to a deposition. Defendant Jones also objects to this interrogatory's request for an affirmation under oath if reference is made to documents because unsworn declarations or verifications under penalty of perjury are permitted with like force and effect pursuant to 28 U.S.C. §1746. Subject to and without waiving these objections, to the best of his knowledge and ability to recall, Defendant Jones refers Plaintiff to the records exchanged between the parties pursuant to FED. R. CIV. P. 26(a)(1), as well as the materials exchanged in discovery, and gathered from third parties.

13. Did you maintain any personal notes or a personal file relating to the Schoen homicide investigation or any suspects in the investigation? If the answer to this question is anything other than an unqualified "no," please describe the contents of your notes or files with

sufficient particularity to enable a production request for all such notes or files. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your personal notes and personal files relating to the Schoen homicide investigation is contained in the Documents that you reference.

**ANSWER:** Defendant Jones objects to this interrogatory as vague as to the terms "personal notes or a personal file" and also to the extent it seeks information protected by the attorney-client and attorney work product privileges. Defendant Jones also objects to this interrogatory's request for an affirmation under oath if reference is made to documents because unsworn declarations or verifications under penalty of perjury are permitted with like force and effect pursuant to 28 U.S.C. §1746. Subject to and without waiving these objections, to the best of his knowledge and ability to recall, Defendant Jones states that other than communications with his attorneys for this litigation, he does not maintain personal notes or personal files relating to the Schoen murder investigation. His detective notes related to the Schoen murder investigation were put in the IPD file. Investigation continues.

14. Did any Investigator in the Schoen homicide investigation (including yourself) conduct or participate in any formal or informal witness interviews or have any Communications with witnesses or their guardians that were not memorialized in a police report? If the answer to this question is anything other than an unqualified "no," please list the dates and locations of all such interviews or Communications, the names of each person involved in each interview or Communication, and the content of any such interview or Communication.

**ANSWER:** Defendant Jones objects to this interrogatory as vague as to the terms "witness interviews", "Communications" and "memorialized". Defendant Jones also objects to this interrogatory's request for an affirmation under oath if reference is made to documents because unsworn declarations or verifications under penalty of perjury are permitted with like force and effect pursuant to 28 U.S.C. §1746. Defendant Jones also objects to this interrogatory to the extent it requests information that is within the knowledge of other parties to this action or third parties. Subject to and without waiving these objections, to the best of his knowledge and ability to recall, Defendant Jones refers Plaintiff to the records exchanged between the parties pursuant to FED. R. CIV. P. 26(a)(1), as well as the materials exchanged in discovery, and gathered from third parties.

15. For any Document requested in Plaintiff's discovery requests that has been lost, discarded or destroyed, please identify each such document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

**ANSWER:** Defendant Jones objects to this interrogatory as to the terms "any Document requested" is vague, over broad as to time frame and scope, unduly burdensome, premature, and not proportional to the needs of the case. Defendant Jones also objects to this interrogatory to the extent it requests information that is within the knowledge of other parties to this action or third parties. Subject to and without waiving these objections, Defendant Jones states the information requested is presently unknown because discovery is in its early stages. Investigation continues.

Date: January 15, 2025                             Respectfully submitted,

James G. Sotos                                     /s/ Jeffrey R. Kivetz
Laura M. Ranum                                     Jeffrey R. Kivetz, Attorney No. 6308250
Jeffrey R. Kivetz                                  *One of the Attorneys for Alan Jones*
Andrew Leuchtmann
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., Ste. 1240A
Chicago, IL 60604
Tel: 630-735-3300
jkivetz@jsotoslaw.com

## CERTIFICATE OF SERVICE

I, Katelyn N. Salek, a non-attorney, certify under penalty of perjury, pursuant to 28 U.S.C.A. § 1746, that on, **Wednesday, January 15, 2025**, the foregoing **Defendant Alan Jones' Answers to Plaintiff Leon Benson's First set of Interrogatories** was served upon counsel of record via electronic mail at the electronic mail addresses listed below.

*Attorneys for Plaintiffs Benson and Bunch:*

Elliot Slosar
Kathryn Montenegro
LOEVY & LOEVY
311 North Aberdeen
3rd Floor
Chicago, IL 60607
312-243-5900
elliot@loevy.com
katiem@loevy.com

Charlie Chaya Nelson Keever
Lara Abigail Bazelon
BNK LAW GROUP
201 Spear Street
Suite 1100
San Francisco, CA 94105
(415) 489-0469
larabazelon@gmail.com

*Attorneys for Defendants City of Indianapolis, Leslie Vanbuskirk, Steven Garner, Eli McAllister and Columbus Ricks:*

Alexander Phillip Will
Anthony W. Overholt
Frost Brown Todd LLP
111 Monument Circle
P.O. Box 44961
Suite 4500
Indianapoilis, IN 46244-0961
317-237-3800
awill@fbtlaw.com
aoverholt@fbtlaw.com

Kiely C Keesler
City of Indianapolis Office of Corporation Counsel
200 E Washington St
Ste 16011
Indianapolis, IN 46204
317-327-4055
kiely.keesler@indy.gov

/s/ Katelyn N. Salek
Katelyn N. Salek, Paralegal

## ATTESTATION

I, Alan Jones, affirm under penalty of perjury pursuant to 28 U.S.C. §1746 that the answers made in the attached **Defendant Alan Jones' Answers to Plaintiff Leon Benson's First set of Interrogatories** are true and correct to the best of my knowledge and belief.

Date: 01/09/25                                                    Signature: _Alan F Jones_
                                                                                                    Alan Jones