UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LEON BENSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00839-JPH-MJD |
| | ) | |
| CITY OF INDIANAPOLIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTIONS MOTION TO SEAL**

This matter is before the Court on Defendant Alan Jones' Motions to Seal, [Dkts. 142, 168], and Plaintiff's Motion to Seal, [Dkt. 163.] For the reasons set forth below, Jones' motions are **GRANTED IN PART** and **DENIED IN PART**, and Plaintiff's motion is **DENIED**.

**I. Background**

Jones has filed a sealed Motion for Protective Order seeking relief from participating in discovery because he has dementia. [Dkt. 141.] He has also filed a Motion to Seal the Motion for Protective Order and related exhibits. [Dkt. 142.] The sealed exhibits include a list of exhibits, an affidavit signed by expert declarant Dr. Brosch summarizing two of Jones' medical records, a medical record from a July 2025 consultation with Dr. Brosch, a medical record from an October 2025 evaluation by neuropsychologist Dr. Unverzagt, and an email written by Jones' counsel describing Dr. Brosch's findings at a high level. [Dkts. 14-1 to 5.]

Plaintiffs filed a brief in response to the Motion for Protective Order and a Motion to Maintain their response brief under seal. [Dkts. 161, 163.]

Jones later filed a reply brief in support of his Motion for Protective Order, and a motion to maintain his reply brief and related exhibits under seal. [Dkts. 167, 168.] The sealed exhibits include sealed filings from unrelated cases, an affidavit from his counsel's managing partner, and a portion of a sealed deposition transcript from an unrelated case. [Dkts. 167-1 to 5.] All of those exhibits were filed under seal.

## II. Legal Standard

Courts must take care when determining whether to seal documents and thus shield them from the public. This is because "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010); *see Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009) ("It is beyond dispute that most documents filed in court are presumptively open to the public."). This long-standing presumption of public access may be rebutted under certain circumstances, however. For example, a litigant may request to "conceal trade secrets, and, if there are compelling reasons of personal privacy, to litigate under a pseudonym." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 832 (7th Cir. 2013) Still, "very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002).

A party may therefore only file a document under seal if it has shown "good cause" to do so. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *see In re Bridgestone / Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab. Litig.*, 198 F.R.D. 654, 656 (S.D. Ind. 2001) ("The good cause determination requires at least 'a description of the documents and the reasons for their sealing.'") (quoting *In re Associated Press*, 162 F.3d 503, 510 (7th Cir. 1998)). It is not enough to merely assert that disclosure would be

harmful; a party must explain how disclosure would cause harm. *Baxter*, 297 F.3d at 547. Moreover, simply designating information as confidential is insufficient to permit under-seal filing, *see Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) (explaining that requests to seal documents based on confidentiality orders have been uniformly rejected unless good cause exists), and "[a] protective order does not authorize a party to file a document under seal." Local R. 5-11(d)(1)(D).

### III. Discussion

#### A. Jones' Motion to Seal the Motion for Protective Order and Exhibits

The Court begins with Jones' Motion to Seal his Motion for Protective Order and exhibits in support of that motion. [Dkts. 142.] In that Motion to Seal, he argues that his Motion for Protective Order and the sealed exhibits contain private medical information that is shielded from public view under the Health Insurance Portability and Accountability Act ("HIPPA").

As an initial matter, the Court notes that the Exhibit List does not include information that would be protected by HIPAA or any other statute, and the Motion to Seal is **DENIED** with respect to this Exhibit List.

Further, it is well-established that courts are not bound by HIPAA, "which regulates the disclosure of information by only healthcare providers and their affiliates." *Mitze v. Saul*, 968 F.3d 689, 693 (7th Cir. 2020). To the extent Jones wishes to shield his medical information from public disclosure due to embarrassment or general privacy concerns, this is not good cause to deprive the public of its right to access court filings. *See Doe v. Trustees of Indiana University*, 101 F.4th 485, 492 (7th Cir. 2024). That said, Jones' medical records appear to include some information about his medical history that is immaterial to the issues before the Court. Thus, the Court will **DENY** the motion to seal as it relates to the Motion for Protective Order, Dr. Brosch's

3

affidavit, and counsel's email describing Dr. Brosch's findings but will **GRANT IN PART** the motion as it relates to Jones' actual medical records. These records will remain under seal, but the Jones is **ORDERED** to file redacted versions of these medical records that remove immaterial medical information **only** within **seven days of the issuance of this Order**.

This ruling is consistent with decisions from other courts within this Circuit, which have noted that medical information is often sensitive but nevertheless must be made public if it is material to the issues before the court. See, e.g., *Williams v. Billington*, 2024 WL 492110, at *3 (S.D. Ill. Feb. 8, 2024) (provisionally granting motion to seal medical records that were not material to issues presently before the court but noting that many if not most of the medical records would ultimately be made public later in the proceedings because they relate to damages); *Finnegan v. Baldwin*, 2021 WL 365782, at *3 (S.D. Ill. Feb. 3, 2021) ("[t]hough Plaintiff's medical information is private, this private interest, without more, is insufficient to outweigh the public's interest in transparent judicial proceedings"); *Westedt v. Franklin*, 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016) (unsealing relevant portions of medical records cited or quoted by the parties in other documents but maintaining under seal irrelevant portions of those same records).

### B.  Plaintiffs' Motion to Seal

The Court will next address Plaintiffs' Motion to Seal their brief in response to the Motion for Protective Order. [Dkt. 163.] As explained in the preceding section, the fact that Plaintiffs' response brief describes Jones' medical condition and/or relevant portions of his medical records is not good cause to maintain the response brief under seal. Accordingly, the motion is **DENIED**.

### C. Jones' Motion to Seal Reply Brief and Related Exhibits

Finally, the Court turns to Jones' Motion to Seal his reply brief and related exhibits filed. [Dkt. 168.] The motion is **DENIED** as to the reply brief itself for the reasons explained in the preceding sections. The motion is **DENIED** as to the affidavit signed by Sotos Law Firm, P.C. Managing Partner Laura Ranum. This affidavit describes at a high level her experience litigating claims in unrelated lawsuits against the firm representing Plaintiffs' counsel in this case. This affidavit does not contain any confidential information, and there is no good cause to maintain the affidavit under seal.

The motion is **GRANTED** as to the sealed filings and a portion of a sealed deposition transcript from unrelated cases. The Court has explained in a footnote to the Order Denying Jones' Motion for Protective Order, which is issued contemporaneously with the present Order, that these exhibits are wholly immaterial to the issues before the Court and were not relied upon in any way in the Court's ruling. Given that these exhibits are immaterial to the issues before this Court, were sealed by other courts in unrelated matters, and involve the medical information of individuals who are not parties to the present lawsuit, the Court finds that maintaining these documents under seal is the best approach in these circumstances.

### IV. Conclusion

For the reasons explained above, Jones' Motions to Seal are **GRANTED IN PART** and **DENIED IN PART**. [Dkts. 142, 168.] Plaintiffs' Motion to Seal is **DENIED**. [Dkt. 163.] The **Clerk is directed** to **unseal** the following docket entries: Jones' Motion for Protective Order, the Exhibit List, Dr. Brosch's affidavit, counsel's email discussing Dr. Brosch's Findings, Plaintiffs' Response Brief, Jones' Reply Brief, and Lauran Ranum's affidavit. [Dkts. 141, 141-1, 141-2, 141-5, 161, 167, and 167-4.] The following documents shall be **permanently sealed**:

Jones' medical records, the sealed filings from unrelated cases, the portion of a sealed deposition transcript from an unrelated case. [Dkts. 141-3, 141-4, 167-1, 167-2, 167-3.]

Jones is **ORDERED** to file properly redacted versions of his medical records, [dkts. 141-3, 141-4], **within seven days of the issuance of this Order**. Over-redaction of those documents may result in a denial of the motion to seal them.

Pursuant to Local Rule 5-11(g), documents ordered unsealed by this Order shall be unsealed after 21 days absent a Fed. R. Civ. P. 72(a) objection, a motion to reconsider, an appeal, or further court order.

SO ORDERED.

Dated:  15 DEC 2025

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email