UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LEON BENSON,                          )
KOLLEEN BUNCH,                        )
                                      )
            Plaintiffs,               )
                                      )
        v.                            )   No. 1:24-cv-00839-JPH-MJD
                                      )
CITY OF INDIANAPOLIS, et al.          )
                                      )
            Defendants.               )

### ORDER OVERRULING RULE 72 OBJECTION

Defendant Alan Jones has filed an objection to Magistrate Judge Dinsmore's order denying his motion for protective order to prevent his deposition.  Dkt. [177].  For the reasons below, Mr. Jones's objection is **OVERRULED**.

### I.
### Facts and Background

Plaintiff Leon Benson is pursuing federal civil-rights and state-law tort claims related to wrongful conviction and imprisonment after he was exonerated in 2023 from a 1998 murder conviction.  Dkt. 1 at 1–6.  Mr. Benson alleges that one of the Defendants who investigated the murder, Detective Alan Jones, had substantial evidence that someone else committed the murder, but failed to investigate that evidence and withheld it from the Marion County Prosecutor's Office and Mr. Benson's counsel.  *Id.* at 11–13, 16–18, 20–23.

After Mr. Benson sought to depose Mr. Jones in this case, Mr. Jones sought a protective order that would "deem[ ] him incompetent to testify and

1

excuse[ ] him from participating in discovery" because he has been diagnosed with dementia.  Dkt. 141 at 4–5; dkt. 143 at 1–2.  Mr. Benson opposed the protective order, arguing that Mr. Jones had not established that he is incompetent to sit for a deposition or respond to written discovery.  Dkt. 162 at 4–6.

Magistrate Judge Dinsmore denied the motion for protective order without prejudice.  Dkt. 173 at 1.  He recognized Mr. Jones's July 2025 dementia diagnosis and a neuropsychologist's findings from October 2025 that Mr. Jones "has moderate to severe impairments in speed of processing, the ability to learn new information, verbal fluency, simple and complex sequential tracking, and abstract reasoning."  *Id.* at 2.  "The neuropsychologist opined that the pattern of findings is consistent with moderate dementia affecting executive function, memory, and social behavior."  *Id.*  Magistrate Judge Dinsmore also recognized the diagnosing neurologist's opinion about Mr. Jones's competence:

> I do not believe that Mr. Jones currently has the capacity to testify in any meaningful fashion.  Based upon a reasonable degree of medical certainty, I do not believe that Mr. Jones has the ability to accurately relay any personal knowledge of events that occurred 25 years ago, Mr. Jones does not have the capacity to recall what happened over 25 years ago, and Mr. Jones does not have the ability to testify truthfully.

*Id.*

Magistrate Judge Dinsmore then explained that every witness is presumed competent, so to "obtain a protective order based on incompetency, a

2

witness must show that he does not have personal knowledge of the matters about which he is to testify, does not have the capacity to recall, or does not understand the duty to testify truthfully." *Id.* at 3–4 (citing Fed. R. Evid. 601; *E.C. v. Comm. Sch. Corp. of E. Hancock Cnty.*, No. 1:19-cv-3563-JPH-DML, 2020 WL 9762940 (S.D. Ind. Nov. 30, 2020)).  He then applied that standard to Mr. Jones's medical evidence, which showed that he was alert, cooperative, and "generally oriented to time and place." *Id.* at 5.  Mr. Jones also "could recite the address on his driver's license and recall his time in the Army," self-administers medication, and pays some of his own bills.  *Id.*  And he answered truthfully "when he did not recall the answer to a question."  *Id.*

Based on that evidence, Magistrate Judge Dinsmore concluded that "despite [Mr.] Jones's cognitive deficits, he can respond to questioning, answer truthfully, and state when he does not know the answer to a question."  *Id.* The order also explained that "the record does not support a finding that testifying at a deposition will be physically or psychologically harmful to [Mr.] Jones or that the deposition would otherwise impose an undue burden on him."  *Id.* at 6.  Magistrate Judge Dinsmore therefore denied Mr. Jones's motion for protective order without prejudice.  *Id.* at 7–8.  But he imposed the requirement that Mr. Jones's deposition be video recorded so that "[a]fter the deposition takes place, [Mr.] Jones may move to exclude the use of his deposition testimony in these proceedings due to incompetence or renew his motion for a protective order."  *Id.* ("This procedure will ensure that there are

no further delays in conducting [Mr.] Jones's deposition and that the Court has a contemporaneous record.").

Mr. Jones objects to Magistrate Judge Dinsmore's order under Federal Rule of Civil Procedure 72(a), arguing that the order was clearly erroneous. Dkt. 177.

## II.
## Rule 72(a) Standard

Federal Rule of Civil Procedure 72(a) allows district courts to consider "timely objections" to magistrate court orders "and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Clear error is an "extremely deferential standard of review."  *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006).  An order is clearly erroneous only when the reviewing court is "left with the definite and firm conviction that a mistake has been committed."  *Id.*; *see Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926 (7th Cir. 1997) (discussing Rule 72(a) objections).

## III.
## Analysis

Mr. Jones argues that Magistrate Judge Dinsmore clearly erred because "the only evidence presented by either party" shows that Mr. Jones "lacks the ability to accurately recall events that occurred in this lawsuit 25 years ago, and that his condition precludes him from testifying in a way that ensures his testimony is truthful." Dkt. 177 at 2.  Mr. Benson responds that the order was not clearly erroneous because, on these facts, Mr. Jones has not overcome the presumption of competence.  Dkt. 179 at 1–2.

4

Mr. Jones's evidence about his mental capacity is evaluated under Federal Rule of Evidence 601's presumption that "[e]very person is competent to be a witness unless these rules provide otherwise." *See Arrington v. City of Chicago*, 147 F.4th 691, 701 (7th Cir. 2025) ("Federal Rule of Evidence 601 provides a default presumption of witnesses' competency to testify."). The Rules Advisory Committee has explained that, under this rule, it's exceptionally rare for a witness to be incompetent to testify at all:

> Standards of mental capacity have proved elusive in actual application. A leading commentator observes that few witnesses are disqualified on that ground. Discretion is regularly exercised in favor of allowing the testimony. A witness wholly without capacity is difficult to imagine.

Fed. Rule Evid. 601 Advisory Notes (1972).

As explained in Magistrate Judge Dinsmore's order, Mr. Jones has not shown that uncontroverted evidence demonstrates that he is incompetent to be deposed. *See* dkt. 173 at 5–6. There is evidence that he can recall and communicate events from 25 years ago because he remembered his time in the Army. *Id.* And there is evidence that he can testify truthfully because he was able to correctly answer questions about himself and was able to honestly say when he could not remember an answer to a question. *Id.* Magistrate Judge Dinsmore therefore did not commit clear error in deciding not to fully credit the diagnosing doctor's opinion that Mr. Jones did not have the ability to testify truthfully. *See id.* at 2, 5–6.

Nor has Mr. Jones shown that Magistrate Judge Dinsmore committed clear error by ignoring evidence. *See* dkt. 177 at 13. While the protective order denial did not recite the full scope of the evidence about Mr. Jones's severe perseveration and only "partial insight" into his own deficits, that was not required by either Federal Rule of Civil Procedure 72 or Federal Rule of Evidence 601. *See E.C.*, 2022 WL 22881765 at *2 ("Competency of a witness to testify . . . is a limited threshold decision by the trial judge as to whether a proffered witness is capable of testifying in any meaningful fashion whatsoever."). Nor does the additional evidence that Mr. Jones cites establish that his deposition would be a "fruitless exercise," as he argues. Dkt. 177 at 12 (relying on *Hometown Folks, LLC v. S&B Wilson, Inc.*, No. 1:06-cv-81, 2007 WL 2227817 at *8 (E.D. Tenn. July 31, 2007)). Magistrate Judge Dinsmore reasonably distinguished *Hometown Folks* by concluding that the evidence here was not so clear and therefore did not demonstrate that Mr. Jones was "so impaired that he would not know when he gave a wrong answer." Dkt. 173 at 6.[1]

---

[1] For these reasons, including Mr. Jones's presumption of competence under Rule 601, it does not matter that the relevant evidence comes from only Mr. Jones's submissions. Dkt. 177 at 13; dkt. 184 at 2–4. None of the district court opinions from outside the Seventh Circuit that Mr. Jones relies on involves a presumption like Rule 601's, and none is similar to this case. *See Martinez v. Salazer*, No. 14-534, 2016 WL 10514734 at *3 (D.N.M. Apr. 28, 2016) (sustaining objection to a magistrate judge's determination of a reasonable hourly rate for an attorney's fee award); *Shaw v. Davis*, No. 3:18-cv-551, 2022 WL 3339550 at *4–5 (D. Nev. Aug. 12, 2022) (exercising *de novo* review of a magistrate judge's report and recommendation regarding summary judgment); *Hoffman v. Hammerhead Constr. LLC*, No. 3:21-cv-46, 2023 WL 6124725 at *2 (D.V.I. Sept. 19, 2023) (sustaining an unopposed objection regarding diligence in identifying a previously unnamed defendant in discovery); *Javins v. Westfield Ins. Co.*, 2:20-cv-698, 2021 WL 2188751 at *5 (S.D. W. Va. May 28, 2021) (sustaining objection regarding work-product and attorney–client privileges over insurance files).

Under that evidence and Rule 601's "broad presumption of competence," *Estate of Suskovick v. Anthem Health Plans of Va., Inc.*, 553 F.3d 559, 570 (7th Cir. 2009), it was not clear error for Magistrate Judge Dinsmore to conclude that Mr. Jones is able to "respond to questioning, answer truthfully, and state when he does not know the answer to a question." Dkt. 173 at 5; *see E.C. v. Comm. Sch. Corp. of E. Hancock Cnty.*, No. 1:19-cv-3563-JPH-DML, 2022 WL 22881765 at *2 (S.D. Ind. July 11, 2022) ("Competency of a witness to testify, as distinguished from the issue of credibility, is a limited threshold decision as to whether a proffered witness is capable of testifying in any meaningful fashion whatsoever.").

Even more, Magistrate Judge Dinsmore did not finally determine that Mr. Jones was competent. Instead, he denied the protective order without prejudice, explaining that Mr. Jones could, after the deposition, "move to exclude the use of his deposition testimony in these proceedings due to incompetence or renew his motion for a protective order." Dkt. 173 at 7. That decision allows the deposition of a central witness to proceed without delay, which was not clear error given the importance of any competent testimony Mr. Jones can provide and "is particularly important here given [his] representation that he in continuing cognitive decline." Dkt. 173 at 7. Magistrate Judge Dinsmore therefore acted within his discretion. *See Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013) ("[M]agistrate and district courts enjoy extremely broad discretion in controlling discovery."); *E.C.*, 2022 WL

22881765 at *2–4 (evaluating a witness's competence at a prior deposition based on her deposition testimony in conjunction with an expert's opinion).[2]

## IV.
## Conclusion

Mr. Jones has not shown clear error by leaving the Court "with the definite and firm conviction that a mistake has been made." *Weeks*, 126 F.3d at 943; *Pinkston*, 440 F.3d at 889. His Rule 72(a) objection is therefore **OVERRULED**. Dkt. [177]. Magistrate Judge Dinsmore is asked to ensure that Mr. Jones's deposition occurs promptly. *See* dkt. 173 at 8.

**SO ORDERED.**

Date: 3/17/2026

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

---

[2] Magistrate Judge Dinsmore also ordered the parties to "work together and be flexible to ensure that [Mr.] Jones's deposition can be completed in light of his age and his physical and mental condition." Dkt. 173 at 8. Mr. Jones does not challenge that order or argue that it would not be possible to accommodate his limitations. *See* dkt. 177.