UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LEON BENSON, | ) | |
| KOLLEEN BUNCH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00839-JPH-MJD |
| | ) | |
| CITY OF INDIANAPOLIS, | ) | |
| ALAN F. JONES, | ) | |
| LESLIE VANBUSKIRK, | ) | |
| COLUMBUS RICKS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

This matter is before the Court on Defendants' Unopposed Motion for Leave to Extend

the Expert Disclosure Deadline. [Dkt. 197.]  The Court, being duly advised, hereby **GRANTS**

the motion.  Section III of the approved Case Management Plan as amended [Dkts. 38 & 176] is

hereby further amended as follows:

**III. Pretrial Pleadings and Disclosures**

F. Except where governed by paragraph (G) below, expert witness disclosure
deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the
name, address, and vita of any expert witness, and shall serve the report required
by Fed. R. Civ. P. 26(a)(2)(B) or (C), on or before **January 29, 2026**. Defendant(s)
shall disclose the name, address, and vita of any expert witness, and shall serve
the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C), on or before **April 13,
2026**.

I. All parties shall file and serve their final witness and exhibit lists on or before
**April 14, 2026**.  This list should reflect the specific potential witnesses the party
may call at trial.  It is not sufficient for a party to simply incorporate by reference
"any witness listed in discovery" or such general statements.  The final witness
list must identify each potential witness **by name** and include a brief synopsis of
each witness's expected testimony.  The final exhibit list must precisely identify,

preferably **by Bates number**,[1] each specific document that may be offered at the trial of this matter.  No individual not identified by name in the final witness list may testify at the trial of this matter.  No document not expressly identified in the final exhibit list may be offered into evidence at trial.[2]

All other requirements of the approved Case Management Plan as amended [Dkts. 38 & 176]

remain in effect.

SO ORDERED.

Dated:  20 MAR 2026

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Lara Abigail Bazelon
BNK Law Group
larabazelon@gmail.com

Kiely C Keesler
City of Indianapolis Office of Corporation Counsel
kiely.keesler@indy.gov

Jeffrey Robert Kivetz
The Sotos Law Firm, P.C.
jkivetz@jsotoslaw.com

---

[1] If the documents in question are not Bates numbered, the party should identify the documents by date and description and include therein the number of pages of each document, and shall immediately comply with the request of any party to be provided with a copy of that specific document, whether or not the document has been previously produced.  Copies of previously produced documents identified by Bates number in the final exhibit list need not be produced again.

[2] If a party identifies a possible witness or exhibit that may be used at trial after the deadline set forth in this paragraph, that party shall immediately file a motion for leave to amend their final witness and/or exhibit list, and shall identify therein when the witness or exhibit was first identified and explain why that witness or exhibit could not have been identified prior to the deadline set forth in this paragraph.

Andrew Leuchtmann
The Sotos Law Firm, P.C.
aleuchtmann@jsotoslaw.com

Kathryn Montenegro
Loevy & Loevy
katiem@loevy.com

Charlie Chaya Nelson Keever
cnelsonkeever@gmail.com

Anthony W. Overholt
FBT Gibbons LLP
aoverholt@fbtgibbons.com

Laura M Ranum
The Sotos Law Firm, P.C.
lranum@jsotoslaw.com

Amy Robinson Staples
Loevy & Loevy
amy@loevy.com

Elliot Slosar
LOEVY & LOEVY
elliot@loevy.com

James G Sotos
The Sotos Law Firm, P.C.
jsotos@jsotoslaw.com

Alexander Phillip Will
FBT Gibbons LLP
awill@fbtgibbons.com