UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LEON BENSON,                                     )
                                                 )
                    Plaintiff,                   )
                                                 )
        v.                                       )        No. 1:24-cv-00839-JPH-MJD
                                                 )
CITY OF INDIANAPOLIS,                            )
ALAN F. JONES,                                   )
LESLIE VANBUSKIRK,                               )
COLUMBUS RICKS,                                  )
                                                 )
                    Defendants.                  )
                                                 )
LOS ANGELES POLICE DEPARTMENT,                   )
                                                 )
                    Miscellaneous.               )

**ORDER ON LAPD'S MOTION TO QUASH SUBPOENA**

Non-Party Los Angeles Police Department ("LAPD") moves to quash Plaintiff's subpoena to produce the personnel file of former LAPD Captain Jeronimo "Jerry" Rodriguez, who has been retained by Defendants as an expert witness. Plaintiff has agreed to some modifications of the subpoena in response to LAPD's motion, but disagreements remain. As explained below, LAPD's motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. Background**

Plaintiff Leon Benson was exonerated in 2023 after spending decades in prison for the murder of Kasey Schoen. [Dkt. 1.] In this lawsuit, he is suing the City of Indianapolis and Detectives Alan Jones, Leslie VanBuskirk, and Columbus Ricks for due process violations, malicious prosecution, fabrication of false evidence, supervisory liability, failure to intervene, and conspiracy to deprive him of his constitutional rights. *Id.*; [Dkt. 203.]

Defendants have retained expert witness Jeronimo "Jerry" Rodriguez, who has written a report "on the handling of the initial investigation of the death of Kasey Schone (*sic*) by Detectives Alan Jones and Leslie VanBuskrik." [Dkt. 221-2 at 9.] Rodriguez was an LAPD officer for over 26 years before retiring from that department in 2013. *Id.* at 4. Since 2021, he has consulted on law enforcement practices as a private police consultant and has audited agencies nationwide and trained agencies on police-related investigations. *Id.* at 2.

On May 8, 2026, Plaintiff served LAPD with a subpoena for "[t]he personnel file for Jeronimo "Jerry" Rodriguez." [Dkt. 218-2 at 4.] The date of compliance was May 26, 2026, and the place of compliance was Plaintiff's attorney's office in Chicago, Illinois and/or electronic production via email. *Id.* at 1. Plaintiff and LAPD met and conferred in an attempt to resolve LAPD's objections to the subpoena informally but were unsuccessful. [Dkt. 218-3].

## II. Legal Standard

A court may quash or modify a subpoena under Federal Rule of Civil Procedure 45. "The party seeking to quash a subpoena bears the burden of establishing the subpoena falls within the Rule 45 criteria." *Odongo v. City of Indianapolis*, 2015 WL 1097400, at *1 (S.D. Ind. Mar. 10, 2015) (quotation marks and citation omitted). Courts prefer to modify subpoenas rather than quashing them outright. *See Little v. JB Pritzker for Governor*, 2020 WL 1939358, at *6 (N.D. Ill. April 22, 2020). "The decision whether to quash a subpoena falls within the district court's discretion." *Webb v. Hendricks Cnty. Sheriff's Off.*, 2021 WL 3077925, at *1 (S.D. Ind. Jul. 21, 2021).

## III. Discussion

LAPD argues the subpoena should be quashed because the place of compliance is more than 100 miles from where it regularly transacts business in person. [Dkt. 218 at 4 (citing Fed.

2

R. Civ. P. 45(d)(3)(A)(ii)).]  Plaintiff has since agreed to modify the place of compliance to counsel's Los Angeles office, located less than five miles from the LAPD Police Discovery Unit. [Dkt. 221 at 3.]  Accordingly, this argument is now moot.

Similarly, LAPD argues the subpoena should be quashed because the time of compliance is unreasonable.  [Dkt. 218 at 5-6.]  LAPD employee Dawn Kelleher states in an affidavit that she received a portion of Rodriguez's personnel file that was stored in archives on May 22, but as of May 28, she was still in the process of locating his divisional file.  [Dkt. 218-5 at ¶¶ 4-5.] LAPD requests an additional four weeks to comply with the subpoena.  [Dkt. 218 at 9.]  Plaintiff states he is amenable to working with LAPD on timing but notes the deadline to complete expert witness discovery is currently July 1, 2026.  [Dkts. 220 at 2; 221 at 3 n. 1.]  LAPD and Plaintiff appear capable of resolving this timing issue without the Court's intervention.  LAPD should work promptly to produce records subject to the subpoena, and Plaintiff should promptly schedule Rodriguez's deposition, but he may move for a brief extension of the deadline to complete that deposition if necessary.  Accordingly, this argument is also moot.

This brings us to LAPD's challenge to the substance of Plaintiff's subpoena.  LAPD argues that producing Rodriguez's complete personnel file is not proportional to the needs of this case and that his personnel file contains confidential information that will be irrelevant to his testimony.  [Dkt. 218 at 5-8.]  It concedes that certain aspects of his personnel file may be relevant, such as records relating to his training and experience, and asks the Court to narrow the scope of the subpoena if it does not quash the subpoena outright.  *Id.* at 8; [Dkt. 223 at 3.]

In response,[1] Plaintiff argues,

> Any deposition of Mr. Rodriguez must . . . address whether his experience lends him credibility to opine on proper police practices, as well as proper training and supervision conducted by law enforcement agencies.  Personnel records regarding Mr. Rodriguez's own history as an officer are relevant to whether he understood and practiced proper police procedures himself, as well as whether he received training to support his proffered opinions.  And on this score, the training that Mr. Rodriguez received – including any policies and procedures promulgated by LAPD during the relevant time periods – are critical to the foundation of the opinions he proffers in this litigation.

[Dkt. 221 at 4-5 (internal citations omitted).]

Having considered the matter, the Court finds that Rodriguez's personnel file likely contains information that is relevant to his training and experience as a law enforcement officer and that would be relevant to assessing his credibility to testify about "the handling of the initial investigation of the death of Kasey Schone (*sic*) by Detectives Alan Jones and Leslie VanBuskrik."  [Dkt. 221-2 at 9.]; *see Ledonne v. Schuster*, 2023 WL 2499881, at *3 (N.D. Ill. March 14, 2023) ("Courts have routinely held that personnel files and disciplinary records of police officers are relevant for discovery purposes in claims of police misconduct.").  At the same time, his personnel file undoubtedly includes private information that is irrelevant to this inquiry, such as, for example, payroll records and health information.  The Court has a duty to ensure that a non-party subpoena does not impose an undue burden or expense on those subject to it, which in this case includes LAPD and, indirectly, Rodriguez himself.  Fed. R. Civ. P. 45(d)(1); *Spencer v. General Motors Corp.*, 2007 WL 3171504, at *1 (S.D. Ind. Oct. 25, 2007) (quashing subpoena for expert witness's personnel file because "the possibility that the Plaintiff

---

[1] Plaintiff uses his response brief to besmirch the integrity of LAPD generally.  [Dkt. 221 at 5.]  The Court fails to see the relevance of this argument to the issues raised in LAPD's motion to quash.  This case is about Defendants' conduct with respect to Plaintiff and the investigation of the murder of Kasey Schoen, and the Parties should take care not to become distracted by increasingly tangential matters, such as the integrity of a non-party law enforcement agency on the other side of the country.

will obtain some nugget of useful information is outweighed by [the expert's] expectation of privacy in his personnel file").

Accordingly, LAPD's motion to quash is **GRANTED IN PART** and **DENIED IN PART**.  LAPD shall produce any portions of Rodriguez's personnel file that speak to his training, experience, and competence during his employment.  Such records may include job descriptions, training materials, commendations, performance evaluations, and disciplinary history.  At the same time, LAPD shall exclude from production irrelevant confidential information, such as payroll information, medical or health information, or other irrelevant confidential information. Where relevant information and irrelevant confidential information are comingled in the same document, LAPD may redact the irrelevant confidential information on a word-by-word basis, using the minimum level of redaction necessary to protect the irrelevant confidential information.  In light of a California statute governing the confidentiality of law enforcement personnel records, LAPD may designate its production "confidential" under the procedures set forth in the protective order issued in this case.  [Dkt. 86 at 2, 9]; Cal. Penal Code § 832.7(a).

### IV. Conclusion

For the reasons explained above, LAPD's motion to quash is **GRANTED IN PART** and **DENIED IN PART**.  [Dkt. 218.]

SO ORDERED.

Dated:  25 JUN 2026

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

5