**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **LEON BENSON,** ) | **CASE NO. 1:24-cv-00839 JPH-MJD** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **CITY OF INDIANAPOLIS, ALAN F.** ) | |
| **JONES, LESLIE VANBUSKIRK, and** ) | |
| **COLUMBUS RICKS, in their individual** ) | |
| **capacities,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

**Defendants' Motion to Strike Expert Witness Testimony[1]**

Defendants City of Indianapolis, Leslie VanBuskirk, Columbus Ricks, and Alan Jones, by their

respective counsel, now file their Motion to Strike Plaintiff's expert witness at summary judgment as

the deadline to notify parties of their reliance upon expert witnesses at summary judgment has long

since passed. In support thereof, state as follows:

1.      On September 5, 2024, this Court approved the Case Management Plan in this case.

(ECF No. 38.) As part of that Order, the Court set deadlines for disclosing expert testimony pursuant

to Rule 26(a)(2), including a deadline for disclosing expert discovery for use at summary judgment:

---

[1] Defendants are mindful that this Court disfavors collateral motions in the summary judgment process. S.D.Ind.L.R. 56-1(i). This Court, however, has noted that Rule 56-1(i) is directed at "[a]ny dispute over the admissibility or effect of evidence." *Id.*; *see also Flynn v. Consolidated City of Indianapolis and Marion County*, 342 F.R.D. 439, 442 (S.D.Ind. Oct. 25, 2022). Here, Defendants have not "raised a dispute regarding the admissibility or effect of evidence" but have instead "raised a dispute regarding [Plaintiff's] failure to comply with [his] discovery obligations." *Flynn*, 342 F.R.D. at 442. Therefore, a collateral motion is the most efficient way to resolve this dispute. *Id.*

> Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by **any** party, such expert disclosures must be served on opposing counsel **no later than September 3, 2025**. If such expert disclosures are served the parties shall confer **within 7 days** to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment….

(ECF No. 38 at 3 (emphasis in original).) This deadline was not extended. (*See*, *e.g.,* ECF No. 154.)

2.      Neither party disclosed expert witnesses for use at summary judgment prior to September 3, 2025.

3.      On June 22, 2026, Defendants filed their Joint Motion for Summary Judgment. Defendants did not cite to or rely upon expert testimony in support of that Motion. (ECF Nos. 225, 226.)

4.      On July 20, 2026, Plaintiff filed his Response in opposition to Defendants' Joint Motion. (ECF No. 228.) As part of that Response, Plaintiff relied upon expert materials from two expert witnesses: (1) the deposition of Plaintiff's expert Brian Cutler, Ph.D., (ECF No. 228-7); and (2) the deposition of one of Defendants' experts John Wixted, Ph.D.[2] (ECF No. 228-10).

5.      The use of these depositions is in violation of the plain language of the Court's Case Management Plan on disclosure of expert witnesses for use at summary judgment. (ECF No. 38 at 3.)

6.      Because Plaintiff failed to disclose their intent to use this testimony prior to the September 3, 2025 deadline, the Court must exclude these exhibits from its summary judgment determination.

7.      The remedy for a violation of Rule 26(a) is set by Federal Rule of Civil Procedure 37(c)(1), which provides:

---

[2] Both Dr. Cutler and Dr. Wixted were timely disclosed for trial purposes in compliance with the Court's deadline to disclose experts for trial. Defendant will otherwise address the substance and adequacy of Dr. Cutler's testimony in accordance with the current September 11, 2026 deadline to file motions to limit or preclude expert testimony at trial. (ECF No. 220.)

2

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party *is not allowed* to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1) (emphasis supplied).

8.      Therefore, unless the Court finds that Plaintiff's failure was either substantially justified or harmless, it must exclude Dr. Cutler's and Dr. Wixted's depositions at summary judgment. *Flynn*, 342 F.R.D. at 445. If this standard is not met, exclusion is "automatic and mandatory." *Vandivier v. U.S.*, 2013 WL 6058902 at *4 (S.D.Ind. Nov. 16, 2013).

9.      Here, Plaintiff's failure to disclose the use of Dr. Cutler's or Dr. Wixted's testimony before the September 3rd deadline was neither "substantially justified" nor "harmless."

10.      First, Defendants are prejudiced because, when preparing their motion for summary judgment, they relied upon the fact that neither party identified expert witnesses for purposes of that summary judgment motion.

11.      Defendants were entitled to rely on the fact that Plaintiff had not disclosed expert witnesses for purposes of summary judgment and, therefore, that expert witnesses would not be a topic for briefing at summary judgment. *Flynn*, 342 F.R.D. at 445 ("Plaintiff was entitled to rely on the fact that, inasmuch as fact discovery was closed, the information she had regarding the training issue was the information that would be in play for summary judgment purposes"). To that end, Defendants drafted their motion and supporting brief not addressing experts *at all*.

12.      Nonetheless, despite not disclosing experts for purposes of summary judgment, Plaintiff cited to Dr. Cutler's testimony to argue that witness Christy Schmitt's opportunity to view the shooter was "severely impoverished" (ECF No. 228 at 13 [4 n.2]) and that "decades of meta-analyses show that specific factors cause identification conditions to be more impoverished, increasing the likelihood of a false identification." (ECF No. 228 at 62 [53 n.16].)

3

13. Dr. Wixted's testimony says something much different—that impoverished conditions create the likelihood of *no* identification, not a false identification, and that witnesses who confidently make identifications tend to do so at a high rate of accuracy. (*See* ECF No. 228-10 at 126:1-127:5, 204:18-206:8, 223:5-224:9.) Regardless, Defendants did not include this evidence, or the issues addressed by the experts, at summary judgment because no disclosures were made by either party.

14. If Plaintiff had disclosed experts timely for purposes of summary judgment, Defendants would have had time to confer with Plaintiff's counsel and adequately prepare their summary judgment motion incorporating these expert witnesses and the related issues. (ECF No. 38 at 3); *see also Vandivier*, 2013 WL 6058902 at *4 (finding that late disclosure of expert witness was not harmless and should be excluded at summary judgment where the government was denied the opportunity to develop the testimony).

15. Further, permitting Defendants to brief this issue now—after it has already drafted and filed its Joint Motion for Summary Judgment—would unnecessarily extend and delay the summary judgment process after Defendants reasonably relied upon the Court's case management deadlines.

16. Indeed, it would inject other significant new issues to the summary judgment briefing, including: (1) whether Dr. Cutler is a qualified expert; (2) whether Dr. Cutler's opinion should be excluded under a *Daubert* analysis; and (3) why Dr. Wixted's opinion reflects the most current scientific analysis in the area of memory and witness identification.

17. Finally, Plaintiff has provided no substantial justification for this failure to disclose their experts on time. *Vandivier*, 2013 WL 6058902 at *4. There is, in fact, no reason Plaintiff could not have identified Dr. Cutler prior to the September 3, 2025 deadline, sought an extension of that deadline, or filed a belated notice to use Dr. Cutler's (and Dr. Wixted's) testimony at summary judgment to allow the parties to confer regarding experts. Plaintiff did none of these.

18. Based upon the foregoing, Plaintiff's discovery failure was neither harmless nor substantially justified and exclusion is the appropriate remedy.

WHEREFORE, Defendants respectfully request that this Court GRANT their Motion to Strike and STRIKE Plaintiff's exhibits, ECF No. 228-7 and ECF No. 228-10 for purposes of summary judgment.

FBT GIBBONS, LLP

By: / s / *Alexander P. Will*
  Anthony W. Overholt, #16481-49
  Alexander P. Will, #23474-49
  111 Monument Circle, Suite 4500
  P.O. Box 44961
  Indianapolis, IN  46244-0961
  Telephone: (317) 237-3800
  Facsimile: (317) 237-3900
  Email: aoverholt@fbtgibbons.com
    awill@fbtgibbons.com

*Attorneys for Defendants, City of Indianapolis, Leslie VanBuskirk, and Columbus Ricks*

THE SOTOS LAW FIRM, P.C.

By: /s/ *Jeffrey R. Kivetz (with permission)*
  Jeffrey R. Kivetz
  Andrew X. Leuchtmann
  Laura M. Ranum
  141 W. Jackson Blvd., Suite 1240A
  Chicago, IL  60604
  Telephone: (630) 735-3311
  Facsimile: (630) 773-0980
  Email: jkivetz@jsotoslaw.com
    aleuchtmann@jsotoslaw.com
    lranum@jsotoslaw.com

*Attorneys for Defendant, Alan Jones*

LR02314.0779895  4927-4456-2117v3